E-FILED
Monday, 08 May, 2017 01:33:16 PM
Clerk, U.S. District Court, ILCD

5442-101
BMS/tlp

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHERRIKA T. ELLISON,                           )
                                )
      Plaintiff,                           )
                                )
      vs.                                  )          Case No.:      16-cv-02301
                                )
THE BOARD OF TRUSTEES OF THE UNIVERSITY        )
OF ILLINOIS,                                   )
                                )
      Defendant.                           )

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by Brian M. Smith of Heyl, Royster, Voelker & Allen, its attorneys, and for its Answer to the Second Amended Complaint of the Plaintiff, SHERRIKA T. ELLISON, states as follows:

**JURISDICTION**

1.     This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the *Equal Pay Act of 1963*, 29 U.S.C. § 206, *et seq.*

**ANSWER:**    **This is a conclusion and Defendant allows the Second Amended Complaint to speak for itself.**

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. §1391(b). The Central District of Illinois is the proper venue for this action because the events giving rise to this lawsuit occurred herein.

**ANSWER:**    **Defendant admits the allegations of Paragraph 2.**

1

**PARTIES**

3.      PLAINTIFF SHERRIKA T. ELLISON (herein ELLISON), female, is a citizen of the United States and the State of Illinois. At all material times herein, ELLISON has resided in the Central District of Illinois. ELLISON has been employed by the University of Illinois Urbana-Champaign since February 5, 2007. ELLISON initially was employed as the Assistant Director of the TRIO Upward Bound College Prep Academy in the Office of Minority Student Affairs. On or around September 12, 2014, ELLISON was demoted to the position of Assistant to the Director of the TRIO Upward Bound College Prep Academy in the Office of Minority Student Affairs.

**ANSWER:      Defendant admits, on information and belief, that Plaintiff is a citizen of the United States and the State of Illinois, and Plaintiff has resided in the Central District of Illinois. Defendant also admits that Plaintiff has been employed by the University of Illinois Urbana-Champaign since February 5, 2007. Defendant denies the remaining allegations of Paragraph 3, including each and every one of its subparts.**

4.      Defendant THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS (herein BOARD OF TRUSTEES or BOARD) is a politic body and corporation, commonly referred to as the University of Illinois, Urbana-Champaign, with more than 500 employees.

**ANSWER:      Defendant admits that it is a body politic and corporate, commonly referred to as the University of Illinois, Urbana-Champaign, with more than 500 employees. Defendant denies the remaining allegations of Paragraph 4.**

**STATEMENT OF FACTS**

5.      Plaintiff filed her complaint alleging violations of Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000E (gender discrimination, hostile work environment, disparate pay and retaliation) as well as violations of the *Equal Pay Act of 1963*, 29 U.S.C. § 206, *et seq*. (gender discrimination and retaliation) with the Equal Employment Opportunity Commission on October 5, 2014 and received her Notice of Right to Sue from the EEOC, dated June 30, 2016. Plaintiff filed her original complaint with this Court on September 28, 2016, within 90 days of receiving the Notice of Right to Sue.

**ANSWER:      Defendant admits the allegations of Paragraph 5.**

6.      Wallace Southerland (herein Southerland), male, is the Associate Dean of Students and Director of Federal TRIO Educational Outreach Programs for the University of Illinois, Urbana-Champaign. At all times material herein, Southerland also was the Director of the Office of Minority Student Affairs. Southerland was ELLISON's direct supervisor from December of 2013 until approximately October 14, 2016.

**ANSWER:      Defendant denies, as alleged, that Wallace Southerland is the Associate Dean of Students and Director of Federal TRIO Educational Outreach Programs for the University of Illinois, Urbana-Champaign. Defendant admits the remaining allegations of Paragraph 6.**

7.      Among other duties, Southerland was charged with the direct supervision of employees in the Office of Minority Student Affairs, including ELLISON. Southerland has the authority to make decisions regarding the promotion and demotion of employees in the

departments he directs/directed. Southerland also is charged with evaluating the performance of those employees he directly supervises.

**ANSWER:      Defendant denies that Wallace Southerland has the authority to make decisions regarding the promotion and demotion of employees in the departments he directs/directed. Defendant admits the remaining allegations of Paragraph 7.**

8.      Sandra Kato (herein Kato) was the Director of the TRIO Upward Bound College Prep Academy of the Office of Minority Student Affairs until she retired on December 13, 2013. Prior to her retirement, Kato was ELLISON's immediate supervisor. During the time Kato was ELLISON's immediate supervisor, ELLISON received "Outstanding" overall performance evaluation ratings - the highest possible rating - on all of her annual performance reviews.

**ANSWER:      Defendant denies, as alleged, that Sandra Kato was the Director of the TRIO Upward Bound College Prep Academy of the Office of Minority Student Affairs until she retired on December 13, 2013. Defendant admits the remaining allegations of Paragraph 8.**

9.      At Kato's retirement reception, held on December 13, 2013, Southerland stated "Ms. Ellison, would NEVER be the Director of Upward Bound....that will NEVER happen." This statement was made in front of ELLISON and several co-workers.

**ANSWER:      Defendant denies the allegations of Paragraph 9.**

10.      Notwithstanding Southerland's obvious reluctance to consider ELLISON for promotion to the Director position, Southerland required ELLISON to assume the duties and responsibilities of the position - including management of the day-to-day operations of the

4

TRIO Upward Bound College Prep Academy. ELLISON was required to perform these additional job duties without a corresponding promotion or increase in compensation.

**ANSWER:        Defendant denies the allegations of Paragraph 10, as alleged.**

11.      ELLISON approached Southerland multiple times requesting further clarification on her role as Assistant Director and the additional job duties she was required to perform. ELLISON also requested that she be named as the interim Director, since she was performing the duties of that position. Southerland did not respond to ELLISON's inquiries or concerns, nor did he name an interim Director.

**ANSWER:        Defendant admits that Plaintiff approached Southerland multiple times requesting further clarification on her role and job duties. Defendant further admits that Plaintiff requested that she be named as the interim Director, and that Southerland did not name the Plaintiff as the interim Director. Defendant denies the remaining allegations of Paragraph 11, including each and every one of its subparts.**

12.      On August 15, 2014, ELLISON filed an internal grievance with the University's Office of Diversity, Equity and Access alleging gender discrimination, harassment, lack of pay equity and hostile work environment. Upon information and belief, the internal grievance was forwarded to the University President, who then reported the grievance to the BOARD. ELLISON also reported her concerns to Kenneth Ballom, Dean of Students and Southerland's immediate supervisor, as well as Yulee Kim in the Academic Human Resources Department. Ultimately, however, the internal grievance was dismissed without the University and/or BOARD taking corrective action.

**ANSWER:    Defendant admits that on August 15, 2014, Ellison filed an internal grievance with the University's Office of Diversity, Equity and Access alleging gender discrimination, harassment and hostile work environment. Defendant also admits that she reported her concerns to Kenneth Ballom and Yulee Kim. On information and belief, Defendant denies the remaining allegations of Paragraph 12, including each and every one of its subparts.**

13.    On or around September 12, 2014, Southerland demoted ELLISON from Assistant Director of the TRIO Upward Bound College Prep Academy in the Office of Minority Student Affairs to Assistant to the Director of the TRIO Upward Bound College Prep Academy in the Office of Minority Student Affairs. ELLISON's job duties were changed substantially to include more entry-level, secretarial duties (such as data entry and file management) and fewer higher-level duties. The duties under ELLISON's new position were demeaning and well-below her qualifications, given that ELLISON has a masters' degree and several years' experience with the University. Furthermore, as part of the demotion, Southerland took away ELLISON's ability to supervise academic professional staff members in her unit. Southerland also public ally embarrassed ELLISON by announcing her demotion during a meeting, which ELLISON and several co-workers attended. Upon information and belief, ELLISON's demotion was reported to the BOARD.

**ANSWER:    Defendant denies the allegations of Paragraph 13.**

14.    Southerland demoted all other female Assistant Directors in the Office of Minority Student Affairs - including Mara Freeman (herein Freeman), Grace Casillas (herein Casillas) and Michele Cruz-Santiago - to the positions of Assistant to the Director and changed

their job duties. However, male Assistant Directors - including Paul Caldwell (herein Caldwell) and Eric Blacknall (herein Blacknall) - did not receive this demotion. In this regard, similarly-situated male employees (i.e., Caldwell and Blacknall) were treated more favorably than ELLISON and other women in the Office of Minority Student Affairs. Upon information and belief, the BOARD was aware of the above-mentioned demotions, as well as the fact that similarly-situated male employees in the Office of Minority Student Affairs were not demoted.

**ANSWER:** **Defendant denies the allegations of Paragraph 14.**

15.     After the filing of her internal complaint, Southerland continuously subjected ELLISON to retaliation and a hostile work environment by increasingly scrutinizing ELLISON's job performance and issuing negative performance evaluations, purposely excluding ELLISON from department-wide meetings, not allowing ELLISON to attend leadership meetings when other assistant directors and assistants to the director were allowed to attend, not allowing ELLISON to serve on university-wide committees, taking away ELLISON's ability to supervise academic professional staff within her unit, taking away ELLISON's keys to the front desk and storage cabinets that ELLISON needed to access to complete her assigned duties and requiring her to get approval from support staff to access the desk/cabinets, forcing ELLISON to move offices, forcing ELLISON to complete a variety of menial tasks (e.g., forcing ELLISON to clean out storage cases located in the basement) and threatening ELLISON with a termination contract, among other actions that contributed to a hostile work environment. These incidents were included in the August 15, 2014 internal grievance ELLISON filed with the University's Office of Diversity, Equity and Access which, upon information and belief, was forwarded to the University President, who then reported the grievance to the BOARD.

7

**ANSWER:       Defendant admits that at some point in time, Plaintiff was not allowed to supervise academic professional staff within her unit, that keys to the front desk and storage cabinets were restricted, and that Plaintiff was not allowed to attend some leadership meetings; Defendant denies that any of these actions created a hostile work environment, were taken in retaliation, or were otherwise unlawful in any way. Defendant allows the content of Plaintiff's August 15, 2014 grievance to speak for itself. On information and belief, Defendant denies that the internal grievance was forwarded to the University President, or that the University President then reported the grievance to the Board. Defendant denies the remaining allegations of Paragraph 15, including each and every one of its subparts.**

16.     On or around September 23, 2014, Southerland advertised the Director job opening as an opening for the Associate Director for TRIO Educational Outreach Programs, Office of Minority Student Affairs. ELLISON applied for and was well qualified for the position, as evidenced by her credentials, history of outstanding job performance with the University and the fact that she had been performing the duties of the position since December of 2013.

**ANSWER:       Defendant denies the allegations of Paragraph 16.**

17.     Southerland subverted ELLISON's efforts to apply for the Associate Director opening by intentionally inflating the required years of experience in the job description. The required years of experience Southerland listed in this particular Associate Director position far exceeded the level of experience required for other Associate Director job descriptions Southerland posted within the department.

**ANSWER:       Defendant denies the allegations of Paragraph 17.**

8

18.     Southerland refused to consider ELLISON for promotion to the Associate Director position. Instead, Southerland eventually named himself as the Director of the TRIO Upward Bound College Prep Academy, even though he had less working knowledge of the department and, therefore, was less qualified for the position than ELLISON.

**ANSWER:      Defendant denies the allegations of Paragraph 18.**

19.     There were multiple other instances in which Southerland refused to consider female applicants for promotion to higher-level administrator positions and, instead, hired lesser-qualified male candidates, including the following:

> a.      Mara Freeman, female, the Assistant to the Director of the Office of Minority Student Affairs at the University, applied for the position of Associate Director for Administration and Operations in response to an online posting of the job vacancy and job description. Freeman was fulfilling the duties of this Associate Director position well before she applied. After Freeman already applied for the position, Southerland revised the job description to customize it to the qualifications of his desired male candidate - Alan Clay. Southerland hired Clay for the Associate Director position in March of 2015 even though he was less qualified than Freeman.

> b.      Grace Casillas, female, the Assistant to the Director in the Office of Minority Student Affairs, applied for the position of Associate Director for Retention and Student Access in response to an online posting of the job vacancy and job description. Casillas was fulfilling the duties of this Associate Director position well before she applied. Despite Casillas's qualifications and the fact that she was performing the duties of the position, Southerland hired a less qualified male candidate - Cory Major- for the position in June of 2016.

**ANSWER:      Defendant admits that Mara Freeman applied for the position of Associate Director of Administration and Operations, and admits that Grace Casillas applied for the**

**position of Associate Director for Retention and Student Access. Defendant denies the remaining allegations of Paragraph 19, including each and every one of its subparts.**

20.     ELLISON, Freeman and Casillas - during the period they were performing the job duties of Director/Associate Director - did not receive the same level of compensation that Major and Clay received.

**ANSWER:     Defendant denies the allegations of Paragraph 20.**

21.     As evidenced above, Southerland refused to consider female applicants - including ELLISON - for higher-level administrator positions. Southerland treated similarly-situated male applicants, including Major and Clay, more favorably by considering and hiring them for these positions. Upon information and belief, the BOARD was aware of these discriminatory hiring and promotion practices.

**ANSWER:     Defendant denies the allegations of Paragraph 21.**

22.     Several statements made by Southerland, from December of 2013 to the present, give rise to an inference of and provides circumstantial evidence of gender discrimination. Such statements also further contributed to the hostile work environment to which ELLISON was subjected. These statements were included in the August 15, 2014 internal grievance ELLISON filed with the University's Office of Diversity, Equity and Access which, upon information and belief, was forwarded to the University President, who then reported the grievance to the BOARD. The statements include the following:

    a.     "You all are women, you are not doing any real work, women should be typing, us men are doing the real work and heavy lifting" - This statement was made on or around June 4, 2016. Several staff members were present, including: Toryannah Herbert (residential advisor), Stephanie Moore (residential advisor), Deja Gardner (residential advisor), Joi Haynes (resident advisor) and other staff members;

      b.      "Women should be typing" - Made on or around June 4, 2016, as well as during several staff meetings;

      c.      "I have to help a brotha out. I don't want to see another brotha out of a job" - Made after ELLISON reported threatening conduct directed toward her by a male employee; and

      d.      "I do not feel that he serves as a threat to you." - Made after ELLISON reported harassment from a male colleague.

**ANSWER:**      **Defendant allows the content of Plaintiff's August 15, 2014 grievance to speak for itself. On information and belief, Defendant denies that the internal grievance was forwarded to the University President, or that the University President then reported the grievance to the Board. Defendant denies the remaining allegations of Paragraph 22, including each and every one of its subparts, including subparts (a) through (d).**

23.      Due to the above-mentioned pervasive and abusive conduct, ELLISON was subjected to a work environment that she perceived as abusive and hostile. Subjection to such an environment has caused ELLISON to suffer mentally and physically. ELLISON has had to take time off of work on her doctors' recommendations, due to the stress caused from subjection to such a work environment. Furthermore, the above-described work environment is objectively abusive and hostile.

**ANSWER:**      **Defendant denies the allegations of Paragraph 23.**

24.      Southerland's discriminatory animus against women is common knowledge throughout the University and Office of Minority Student Affairs. Multiple complaints have been filed against Southerland between 2010 to the present from female students and employees alleging gender discrimination, including complaints filed by Kato and Casillas. From 2010 to the

present, more than 60 employees left the Office of Minority of Student Affairs; 46 of them were women.

**ANSWER:      Defendant denies that Southerland's discriminatory animus against women is common knowledge throughout the University and the Office of Minority Student Affairs. At this time, Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 24, and therefore, denies same.**

25.      Since Southerland is a supervisor/manager whose actions resulted in multiple adverse employment actions taken against ELLISON, the BOARD is strictly liable for the above discrimination and retaliation.

**ANSWER:      Defendant denies the allegations of Paragraph 25.**

26.      At the very least, for the reasons noted above, the BOARD has been well aware of (or should have been aware of) Southerland's discriminatory and retaliatory conduct against ELLISON and the BOARD failed to remedy such discrimination and retaliation. As such, the BOARD is liable for Southerland's actions due to its own negligence.

**ANSWER:      Defendant denies the allegations of Paragraph 26.**

27.      The above-described discriminatory and retaliatory conduct by Southerland was committed intentionally while Southerland was acting within the scope of his employment.

**ANSWER:      Defendant denies the allegations of Paragraph 27.**

## COUNT I
### GENDER DISCRIMINATION
### TITLE VII OF THE *CIVIL RIGHTS ACT OF 1964*, 42 U.S.C. § 2000E

28.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:     Defendant hereby adopts all prior answers to the allegations contained in Paragraphs 1 through 27, and all subparts thereof, and assert them herein by reference as though they were retyped word for word.**

29.     The above conduct as alleged constitutes gender discrimination in violation of Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000E.

**ANSWER:     Defendant denies the allegations of Paragraph 29.**

## COUNT II
### GENDER DISCRIMINATION - HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E

30.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:     Defendant hereby adopts all prior answers to the allegations contained in Paragraphs 1 through 27, and all subparts thereof, and assert them herein by reference as though they were retyped word for word.**

31.     The above conduct a s alleged constitutes gender discrimination - hostile work environment, in violation of Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000E.

**ANSWER:     Defendant denies the allegations of Paragraph 31.**

## COUNT III
### GENDER DISCRIMINATION - DISPARATE PAY
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E

**Count III was dismissed by Order of the Court, and therefore, no answer is given.**

**COUNT IV**
**RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E**

34.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:     Defendant hereby adopts all prior answers to the allegations contained in Paragraphs 1 through 27, and all subparts thereof, and assert them herein by reference as though they were retyped word for word.**

35.     The above conduct as alleged constitutes unlawful retaliation, in violation of Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000E.

**ANSWER:     Defendant denies the allegations of Paragraph 35.**

**COUNT V**
**GENDER DISCRIMINATION**
**EQUAL PAY ACT OF 1963, 29 U.S.C. § 206, *et seq*.**

36.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:     Defendant hereby adopts all prior answers to the allegations contained in Paragraphs 1 through 27, and all subparts thereof, and assert them herein by reference as though they were retyped word for word.**

37.     The above conduct as alleged constitutes unlawful discrimination, in violation of *Equal Pay Act of 1963*, 29 U.S.C. § 206, *et seq*.

**ANSWER:     Defendant denies the allegations of Paragraph 37.**

**COUNT VI**
**RETALIATION**
**EQUAL PAY ACT OF 1963, 29 U.S.C. § 206, *et seq.***

38.    The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:    Defendant hereby adopts all prior answers to the allegations contained in Paragraphs 1 through 27, and all subparts thereof, and assert them herein by reference as though they were retyped word for word.**

39.    The above conduct as alleged constitutes unlawful retaliation, in violation of *Equal Pay Act of 1963*, 29 U.S.C. § 206, *et seq.*

**ANSWER:    Defendant denies the allegations of Paragraph 39.**

WHEREFORE, the Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays that judgment be entered in its favor, and against the Plaintiff, SHERRIKA T. ELLISON, for costs; that each and every prayer for relief within Plaintiff's Second Amended Complaint be denied, and grant any other relief this Court deems appropriate and just under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

**AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, and for its Affirmative Defenses to the Plaintiff's Second Amended Complaint, states as follows:

1.    The Plaintiff has failed to exhaust her administrative remedies.

2.      To the extent Plaintiff's Second Amended Complaint references any act or omission on the part of the Defendant outside the applicable statute of limitations period, said claims are barred by the statute of limitations.

WHEREFORE, the Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays that judgment be entered in its favor, and against the Plaintiff, SHERRIKA T. ELLISON, for costs; that each and every prayer for relief within Plaintiff's Second Amended Complaint be denied, and grant any other relief this Court deems appropriate and just under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS, Defendant

BY: s/Brian M. Smith
Attorney for Defendant
ARDC #: 6293822
HEYL, ROYSTER, VOELKER & ALLEN
Suite 505, 301 N. Neil Street
P.O. Box 1190
Champaign, IL 61824-1190
Telephone  217.344.0060
Facsimile  217.344.9295
Email:  bsmith@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2017, I electronically filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Ms. Nina R. Gougis
    Angela Evans Law
    110 S.W. Jefferson Avenue, #510
    Peoria, IL 61602

I also hereby certify that I have mailed by United States Postal Service the above-referenced document to the following non-CM/ECF participant:


    BY: s/Brian M. Smith
     HEYL, ROYSTER, VOELKER & ALLEN


31833932_1